No. 272

HOME BK. & TR. CO. v. PERRYSBURG
(Village)

No. 19627. Supreme Court

On motion to certify. Dock. Feb. 16, 1926; 4 Abs. 128.

106. ASSIGNMENTS—1. As between two claiming assignees of a fund, does priority depend upon priority of time, or priority of notice to the debtor, assuming that the second assignee acted in good faith and for value?

2. When Bank loans money to contractor for furtherance of his project and takes an assignment on strength of such loan, which is entitled to priority in financial returns, the bank, or a surety having taken an assignment under an alleged agreement of indemnity, and not having suffered a loss? (1139)

In the Lucas Common Pleas, the Home Bank & Trust Company filed its petition against the Village of Perrysburg on the two estimates in question, the same having been duly made by the Engineer and approved by the village Council on August 14, 1923, and September 11, 1923, respectively.

The petition showed that the Gessner Company, the Contractor, had made a contract with the Village of Perrysburg for the construction of a main outlet sewer, and entered upon the performance of this contract. Under this contract, a monthly estimate, based on the value of the work as it progressed, was to be made by the Engineer; each such monthly estimate represented Eighty-five (85) per cent. of the value of the work up to that time, the Village having the right under the contract to retain Fifteen (15%) per cent. of the total contract price, until the acceptance of the work; each such estimate became due the Contractor immediately on the approval thereof by the Council.

The case was submitted to the Common Pleas, a jury being waived by the parties. The Court made a finding on the issues joined for the Village. A motion for new trial, duly filed by the plaintiff, was overruled, and thereupon judgment was rendered upon the finding of the court. In the error proceeding in the Court of Appeals, that Court affirmed the judgment below, without opinion.

There is no dispute in this case, but that the Village has received the completed work, and that the price has not exceeded the contract price. There is no dispute of the fact that the first five estimates on this job were duly made by the Engineer and duly approved by the Village Council.

It is undisputed that the plaintiff Bank, in good faith and for a valuable consideration, on March 20th, 1923, took from the Contractor an assignment of all moneys due and to become due the Contractor under this contract; that the assignment was duly filed with the village clerk on March 21st, 1923; that it was recognized and approved by the Village Council; that on the strength of this assignment from the Contractor to the Bank, the Bank loaned the Contractor from time to time, certain money, all of which was to go into this job, and all of which did actually go into this job; that, recognizing the Bank's rights under this assignment, the Village paid to the Bank the first three estimates; that the fourth and fifth estimates, the subject of this controversy, were earned by the Contractor, and that they were earned with the money supplied by the Bank.

The Bank, in the Supreme Court, contends that as a matter of law the doctrine of equitable estoppel applies because of the claimed prior assignee to file with the debtor notice of his claim which would result in injury to a subsequent bona fide assignee; and that while the contract and bond given by the contractor were matters of public record, the indemnity agreement containing the alleged assignment was wholly a secret matter between the contractor and the Surety Company.

The questions specifically presented are: Is a paid surety entitled to an equitable lien in the fund so as to take precedence over a bank which before default of the contractor, took from him an assignment of moneys due and to become due on the contract and on the strength of it, loaned its money for the prosecution of the work by the contractor?; and is the claim of an assignee of a fund who keeps his assignment secret from the debtor and from the world, subordinated to a subsequent assignment taken for value, without notice and duly filed with the debtor?

Attorneys—Smith, Baker, Effler & Eastman for Bank; Denman, Miller & Wall for Village; all of Toledo.